**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SUN PHARMACEUTICAL INDUSTRIES LTD. and RANBAXY SIGNATURE, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| SAPTALIS PHARMACEUTICALS, LLC, | ) ) | |
| Defendant. | ) ) ) | |

**COMPLAINT**

Plaintiffs Sun Pharmaceutical Industries Ltd. and Ranbaxy Signature, LLC (collectively, "Plaintiffs"), for their Complaint against Defendant Saptalis Pharmaceuticals, LLC ("Saptalis"), hereby allege as follows:

**NATURE OF ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, Sections 100 *et seq.* This action arises from Saptalis's filing of Abbreviated New Drug Application No. 211309 (the "Saptalis ANDA") with the United States Food and Drug Administration ("FDA") seeking approval, prior to the expiration of United States Patent No. 6,890,957 ("the '957 patent"), to manufacture, market, and sell a generic copy of RIOMET® (metformin hydrochloride) oral solution.

**PARTIES**

2. Plaintiff Sun Pharmaceutical Industries Ltd. ("Sun") is an entity organized and existing under the laws of India having a principal place of business at Sun House, Plot No. 201 B/1, Western Express Highway, Goregaon (East), Mumbai, Maharashtra 400063, India.

3.      Plaintiff Ranbaxy Signature, LLC ("Ranbaxy Signature") is an entity organized and existing under the laws of Delaware having a principal place of business at 600 College Road East, Suite 2100, Princeton, NJ 08540.

4.      Upon information and belief, Defendant Saptalis Pharmaceuticals, LLC is an entity organized and existing under the laws of Delaware having a principal place of business at 45 Davids Drive, Hauppauge, NY 11788.

5.      Upon information and belief, Saptalis participated in the research and development, and the preparation and filing, of the Saptalis ANDA for metformin hydrochloride oral solution (the "Saptalis ANDA Product"), continues to participate in seeking FDA approval of that application, and intends to participate in the commercial manufacture, marketing, offer for sale, and sale of the Saptalis ANDA Product throughout the United States, including in the State of Delaware, in the event the FDA approves the Saptalis ANDA.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7.      This Court has personal jurisdiction over Saptalis at least because, upon information and belief, Saptalis is an entity organized and existing under the laws of Delaware.

8.      This Court also has personal jurisdiction over Saptalis at least by virtue of the fact that, *inter alia*, Saptalis has committed, or aided, abetted, induced, contributed to, and/or participated in the commission of, a tortious act of patent infringement that has led to foreseeable harm and injury to Plaintiffs in Delaware. Saptalis has participated in the preparation and/or filing of an ANDA seeking approval to market and sell a generic copy of Plaintiffs' branded product, RIOMET®, and has distribution channels and plans to market and sell its generic product

2

throughout the United States, including in this judicial district, before the expiration of the '957 patent.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENT-IN-SUIT

10.     On May 10, 2005, the '957 patent, titled "Liquid Formulation of Metformin," was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO"). Ranbaxy Signature is the sole owner of the '957 patent. Sun has exclusive marketing, promotion, distribution, and sales rights to products covered by the '957 patent on a worldwide basis. A copy of the '957 patent is attached hereto as Exhibit A.

## RIOMET®

11.     Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '957 patent is listed in the FDA publication entitled Approved Drug Products and Therapeutic Equivalence Evaluations ("the Orange Book") in connection with FDA-approved New Drug Application ("NDA") No. 021591, submitted by Sun, as covering RIOMET® (metformin hydrochloride) oral solution 500 mg/5 mL.

## THE SAPTALIS ANDA

12.     On or about March 17, 2018, Plaintiffs received a letter from Saptalis, dated March 16, 2018, regarding "Notice Letter Concerning Saptalis ANDA No. 211309" ("Saptalis's Purported Notice Letter"). Saptalis's Purported Notice Letter states that Saptalis submitted an ANDA to the FDA under 21 U.S.C. 355(j), seeking FDA approval to manufacture, offer to sell, and sell a generic copy of RIOMET®.

13.     The Saptalis ANDA states that it was filed by Saptalis.

14.     Upon information and belief, the Saptalis ANDA was submitted to the FDA for approval to market a generic copy of RIOMET® prior to the expiration of the '957 patent.

3

15.     Upon information and belief, upon FDA approval of the Saptalis ANDA, Saptalis will market and distribute the Saptalis ANDA Product to resellers, pharmacies, hospitals and other clinics, health care professionals, and end users of the Saptalis ANDA Product.

16.     Upon information and belief, the Saptalis ANDA refers to and relies upon the RIOMET® NDA and contains data that, according to Saptalis, demonstrate the required bioavailability and/or bioequivalence of the Saptalis ANDA Product and RIOMET®.

## COUNT I FOR INFRINGEMENT OF U.S. PATENT NO. 6,890,957

17.     Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 1-16 of this Complaint as if fully set forth herein.

18.     Saptalis infringes the '957 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting the Saptalis ANDA, which seeks approval from the FDA to engage in the commercial manufacture, use, offer to sell, sale, or importation of the Saptalis ANDA Product prior to the expiration of the '957 patent.

19.     Saptalis's commercial manufacture, use, offer to sell, or sale of the Saptalis ANDA Product within the United States, or importation of the Saptalis ANDA Product into the United States during the term of the '957 patent also would infringe the '957 patent under 35 U.S.C. § 271(a), (b), (c), (f), and/or (g).

20.     Saptalis's commercial manufacture, use, offer to sell, or sale of the Saptalis ANDA Product within the United States, or importation of the Saptalis ANDA Product into the United States during the term of the '957 patent would infringe at least Claim 1 of the '957 patent because, upon information and belief, the Saptalis ANDA Product contains, either literally or under the doctrine of equivalents, a liquid pharmaceutical composition for oral administration which comprises a therapeutically effective amount of metformin or its pharmaceutically acceptable salt; a sweetener that does not increase the blood glucose level of a subject after ingestion thereof; a

4

polyhydroxy alcohol present in an amount of about 15 to about 55% by weight; a mineral acid and bicarbonate salt both present in sufficient amounts to maintain the pH of the composition in the range of about 4.0 to about 9.0; and a pharmaceutically acceptable liquid carrier.

21.    Upon approval of the Saptalis ANDA and the commercial marketing of the Saptalis ANDA Product, Saptalis would actively induce and/or contribute to infringement of the '957 patent.

22.    Upon information and belief, at least in light of the prescribing instructions Saptalis proposes to provide in connection with the Saptalis ANDA Product, Saptalis will induce health care professionals, resellers, pharmacies, and end users of the Saptalis ANDA Product to directly infringe one or more claims of the '957 patent.  Upon information and belief, Saptalis will encourage acts of direct infringement with knowledge of the '957 patent and knowledge that it is encouraging infringement.

23.    Upon information and belief, Saptalis had actual and constructive knowledge of the '957 patent prior to filing the Saptalis ANDA, and was aware that the filing of the Saptalis ANDA with the request for FDA approval before the expiration of the '957 patent would constitute an act of infringement of the '957 patent.

24.    Saptalis has no reasonable basis for asserting that the commercial manufacture, use, sale, offer for sale, or importation of the Saptalis ANDA Product will not contribute to the infringement and/or induce the infringement of the '957 patent.

### EXCEPTIONAL CASE

25.    This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## INJUNCTIVE RELIEF

26.    Plaintiffs will be irreparably harmed if Saptalis is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '957 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a judgment in their favor and against Saptalis, and respectfully request the following relief:

A.    A judgment that Saptalis has infringed one or more claims of the '957 patent under 35 U.S.C. § 271(e)(2) by submitted the Saptalis ANDA to the FDA;

B.    A declaratory judgment that, under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f), and/or (g), Saptalis's commercial manufacture, use, offer for sale, or sale in, or importation into, the United States of the Saptalis ANDA Product, or inducing or contributing to such conduct, would constitute infringement of one or more claims of the '957 patent;

C.    A permanent injunction, pursuant to 35 U.S.C. §§ 271(e)(4)(B), enjoining Saptalis, its affiliates and subsidiaries, and all persons and entities acting in concert with Saptalis from commercially manufacturing, using, offering for sale, selling, or importing the Saptalis ANDA Product into the United States, until the expiration of the '957 patent;

D.    An order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of ANDA No. 211309 shall be no earlier than the expiration date of the '957 patent, or the expiration date of any exclusivity to which Plaintiffs are or become entitled;

E.    An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Saptalis engages in the commercial manufacture, use, offer for sale, sale, and/or importation of the Saptalis ANDA Product, or any product that infringes the '957 patent, or induces or contributes to such conduct, prior to the expiration of the '957 patent.

F.      A judgment that this is an exceptional case under 35 U.S.C. § 285, and awarding

Plaintiffs their reasonable attorneys' fees;

G.      An award to Plaintiffs of their costs and expenses in this action; and

H.      Such other and further relief as the Court deems just and proper.


                                          HEYMAN ENERIO
                                           GATTUSO & HIRZEL LLP

OF COUNSEL:
Samuel S. Park                            */s/ Dominick T. Gatuso*
Bryce A. Cooper                           Dominick T. Gattuso (No. 3630)
WINSTON & STRAWN LLP                      300 Delaware Ave., Suite 200
35 W. Wacker Drive                        Wilmington, DE 19801
Chicago, IL 60601                         (302) 472-7300
(312) 558-5600                            dgattuso@hegh.law

Charles B. Klein                          *Attorneys for Plaintiffs Sun Pharmaceutical*
WINSTON & STRAWN LLP                      *Industries Ltd. and Ranbaxy Signature, LLC*
1700 K. Street NW
Washington, D.C. 20006
(202) 282-5000


Dated: April 30, 2018

7