# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUN PHARMACEUTICAL INDUSTRIES LTD. and RANBAXY SIGNATURE, LLC, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 18-648-WCB |
| SAPTALIS PHARMACEUTICALS, LLC, | § § § | |
| Defendant. | § § | |

## FINAL JUDGMENT

Following the entry of summary judgment of non-infringement on August 19, 2019, the Court directed each party to file a brief setting forth how the parties proposed that the Court should proceed with the remaining issues in this case. In response, the parties filed a joint brief containing their recommended disposition of the remaining issues. The Court will adopt the parties' recommendations and enter final judgment in this case.

1. As to the plaintiffs' claim of infringement, the Court has entered summary judgment that Saptalis Pharmaceuticals, LLC, ("Saptalis") and its ANDA product will not infringe any asserted claim of U.S. Patent No. 6,890,957. Thus, judgment of noninfringement is entered in favor of Saptalis and against plaintiffs on Count I of plaintiffs' complaint and on Saptalis's first counterclaim.

2. As to Saptalis's request for costs, the parties point to Delaware Local Rule 54.1(a), which provides that, absent contrary order of the court, any bill of costs will be filed by the prevailing party within 14 days after the time for appeal has expired or within 14 days after the issuance of the mandate of the appellate court. Any bill of costs filed by Saptalis will be due for filing at the time designated in the Rule.

3. As to Saptalis's request for attorney fees, the parties point to Federal Rule of Civil Procedure 54(d)(2), which provides that a motion for attorney fees will be due "no later than 14 days after the entry of judgment." Accordingly, any request for attorney fees will be due within 14 days of the date of entry of this final judgment.

4. As to Saptalis's second counterclaim, asserting invalidity of the '957 patent, the parties argue that the claim is moot in light of the Court's summary judgment order and because Saptalis has formally waived its invalidity positions. Dkt. No. 64. The counterclaim of invalidity is not moot; a decision of non-infringement does not moot a counterclaim of invalidity. *See Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83 (1993); *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1348–49 (Fed. Cir. 2005); *Fin Control Sys. Pty, Ltd. v. OAM, Inc.*, 265 F.3d 1311, 1321 (Fed. Cir. 2001). However, because Saptalis has formally waived its invalidity counterclaims, that counterclaim will be dismissed without prejudice.

5. As to Saptalis's third counterclaim, in which Saptalis asserted monopolization and attempted monopolization, in violation of section 2 of the Sherman Act, 15 U.S.C. § 2, Saptalis requests that the claim be dismissed without prejudice. The plaintiffs do not oppose that request. Accordingly, the third counterclaim is dismissed without prejudice.

6. All other claims and defenses are dismissed, and final judgment is entered in favor of Saptalis and against the plaintiffs.

IT IS SO ORDERED.

SIGNED this 3d day of September, 2019.

_William C. Bryson_
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE